## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| **SEED INVESTCO, LLC** and **ROOTS REAL ESTATE INVESTMENT COMMUNITY I, LLC** | |
| Plaintiff, | Civil Action No. _____ |
| v. | |
| **ROOTS MANAGEMENT GROUP, LLC**, | |
| Defendant. | |

## COMPLAINT
_____

Plaintiffs Seed InvestCo, LLC ("**Seed**") and Roots Real Estate Investment Community I, LLC ("**RREIC**", and collectively with Seed, "**Roots**"), by and through their attorneys and for their Complaint against Defendant Roots Management Group, LLC ("**RMG**"), allege as follows:

## INTRODUCTION

1.

Through years of hard work and considerable expense, Roots has built a mutually beneficial ecosystem under its ROOTS trademarks where both

1

investors and renters can achieve financial growth through real estate. For investors, Roots provides an opportunity to earn passive income, save for retirement, and grow wealth by investing in a real estate fund. *See* www.investwithroots.com. Renters can find affordable rental properties through Roots and join a program to earn quarterly rebates by consistently paying rent on time, maintaining the property, and being good neighbors. *See* www.rentwithroots.com. And, to bring it full circle, renters can take their rebates and invest them with Roots, enabling renters to build wealth and credit. Roots and its services have been featured in the press, endorsed by national celebrities, and have achieved significant recognition locally in Georgia, as well as in the United States generally.

2.

Roots offers its real estate rental and investment services using a variety of trademarks, but primarily under the following three marks:

  

**ROOTS™**

The above marks are registered with the United States Patent and Trademark Office ("**USPTO**") and/or the Georgia Secretary of State ("**GSOS**"), and they provide Roots with the exclusive right to use such marks in connection with its

registered services in the jurisdictions covered by the relevant registrations. The relevant ROOTS trademarks were first used in connection with real estate services beginning in early 2017.

3.

Unbeknownst to Roots, however, in late 2021, RMG adopted the ROOTS name, and then in late 2023, RMG adopted a ROOTS logo (the "**RMG Logo**"):



The RMG Logo is clearly a deliberate knock-off of the Roots logos set out above in paragraph 2, employing the same general design of a house with a silhouette of two leaves inside placed adjacent to the term ROOTS in a substantially similar typeface. The RMG Logo and one version of a Roots logo are set out below to illustrate the clear and willful infringement that Roots seeks to remedy in this lawsuit:



4.

Moreover, RMG is using the infringing ROOTS name and RMG Logo to provide competing and closely related real estate services, including affordable rentals and investment services. In addition, RMG recently launched its own competing renter benefits program that rewards renters for making on-time rental payments, similar to Roots' program for rewarding renters' good behavior.

5.

RMG's adoption of the ROOTS name and RMG Logo is not happenstance. It is willful trademark infringement and unfair competition. It also falsely suggests an affiliation or connection between Roots and RMG that does not, in fact, exist.

6.

More importantly, RMG's adoption of the ROOTS name and RMG Logo is not only likely to cause confusion in the marketplace, it is, in fact, causing numerous instances of *actual* confusion in the marketplace, resulting in irreparable damage to the goodwill associated with Roots' trademarks and business, especially when consumers repeatedly and publicly complain about RMG's ROOTS communities, but do so identifying Roots and its trademarks on social media platforms and to the Better Business Bureau.

7.

Roots has raised these concerns and instances of actual confusion with RMG, but RMG refuses to rebrand and cease its infringement. RMG continues to operate under the infringing ROOTS name and RMG Logo, going so far as to obtain a USPTO registration for the ROOTS MANAGEMENT GROUP mark despite Roots' senior trademark rights.

8.

Therefore, Roots has brought this action at law and in equity for RMG's willful and malicious infringement of Roots' federally registered, state registered and common law trademarks, for cancellation of the ROOTS MANAGEMENT GROUP registration with the USPTO, for unfair competition and false designation of origin, and for related claims, under the Lanham Act and Georgia statutory and common law.

9.

Through this Complaint, Roots seeks monetary damages, including in the form of an accounting and disgorgement of RMG's profits on the basis of, *inter alia*, RMG's unjust enrichment from its willful and malicious trademark infringement and acts of unfair competition, and false designation of origin. Roots also seeks an award of its reasonable attorneys' fees and expenses of litigation, in addition to preliminary and permanent injunctive relief to stop the irreparable harm being caused to the goodwill and reputation associated with Roots' trademarks and associated real estate services by RMG's deliberate misconduct set forth herein.

**THE PARTIES**

10.

Plaintiff Seed InvestCo, LLC is a Georgia limited liability company with an address and principal place of business at 1344 La France Street NE, Suite 1, Atlanta, GA 30307.

11.

Plaintiff Roots Real Estate Investment Community I, LLC is a Georgia limited liability company with an address and principal place of business at 1344 La France Street, Atlanta, GA 30307.

12.

On information and belief, Defendant Roots Management Group, LLC is a Delaware limited liability company with a principal address of 14801 Quorum Dr., Ste. 200, Addison, TX 75254.  RMG may be served with process through its registered agent:  The Corporation Trust Company, Corporation Trust Center, 1209 Orange St, Wilmington, DE 19801.

## JURISDICTION AND VENUE

### 13.

The Court has subject matter jurisdiction over this action under 15 U.S.C. § 1121 (the "**Lanham Act**"), and under 28 U.S.C. §§ 1331 and 1338.  The Court has supplemental jurisdiction over the state law claims asserted in this action under 28 U.S.C. §§ 1338 and 1367.

### 14.

The amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000, and there is complete diversity of citizenship between the parties.  Therefore, the Court additionally has diversity jurisdiction over this action under 28 U.S.C. § 1332.

### 15.

This Court has personal jurisdiction over RMG because it transacts and has transacted business within the state of Georgia, committed tortious acts or omissions within the state of Georgia, or otherwise engages and has engaged in conduct that subjects RMG to the jurisdiction of the Court.

### 16.

Upon information and belief, RMG, in connection with the factual allegations of this lawsuit: (1) transacts and has transacted business within the state of Georgia, (2) is committing and has committed one or more tortious acts

or omissions in this state or is committing and has committed one or more tortious injuries in this state caused by committing an act or omission outside this state, and (3) engages in and has engaged in a persistent course of conduct, deriving substantial revenues from services used, consumed, or rendered, in Georgia.

17.

Upon information and belief, RMG owns, uses, or possesses real property situated within this state, including real property relevant to the factual allegations in this Complaint.

18.

As described in this Complaint, RMG has, at all relevant times, purposefully directed its activities toward Georgia or purposefully availed itself of the privilege of conducting activities within Georgia, thereby invoking the benefits and protections of Georgia's laws.

19.

Upon information and belief, RMG sells and markets services under its infringing ROOTS name and RMG Logo, including through e-mail, web, and social media marketing campaigns that are, *inter alia*, directed to this district.

20.

Roots' claims in this Complaint arise out of or relate to RMG's contacts

with Georgia. Roots anticipates that discovery will reveal additional substantial

contacts and tortious acts or omissions by RMG supporting the exercise of

personal jurisdiction by the Court.

21.

Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

**ADDITIONAL FACTS COMMON TO ALL COUNTS OF RELIEF**
_____

**ROOTS AND ITS TRADEMARKS**

22.

Roots' innovative real estate services were born from the launch of its

ROOTS™ brand in the real estate agency services field in the metropolitan

Atlanta, Georgia area in early 2017.  While the brand continues to be used in that

field, it later expanded to serve as the primary brand for Roots' real estate fund

(www.investwithroots.com) and innovative affordable rental services

(www.rentwithroots.com).

23.

Roots annually invests millions of dollars in advertising and promoting its

ROOTS trademarks and associated real estate services.  It has attracted over

$100+ million in investments into its real estate funds.  And through its

innovative renter reward program, Roots has helped renters save and invest over $1 million.  The company boasts a large and growing community of over 16,000 investors. In the first quarter of 2025 alone, Roots welcomed over 2,700 new investors and raised more than $10 million for its real estate investment funds.

24.

Roots manages a substantial portfolio of 410 properties, totaling 592 doors. In 2025, the company added dozens of new properties, including an expansion beyond Atlanta into areas like Augusta, GA and Nashville, TN.

25.

Roots and its trademarks have garnered significant attention.  For example, Dominique Wilkins (NBA Hall of Famer) has joined Roots as an investor, partner, and spokesperson, as noted in various publications.  Ted Jenkin (National TV Money Expert) has publicly stated, "Roots is the single best real estate investment concept I've ever seen."  Roots has received attention in various business and real estate-focused publications as well, often highlighting its innovative "win-win" model that benefits both investors and renters.  Roots was recognized as a "2024 Pacesetter" and a "2025 Pacesetter" by the Atlanta Business Chronicle.

26.

Roots extensively advertises and promotes its real estate fund and renter services on social media platforms like Facebook, Instagram, LinkedIn, and TikTok, boasting thousands and thousands of followers of its branded identity and content.

27.

Roots' services are used under at least the following trademarks that are owned by Seed and that Seed has registered or applied to register with the USPTO and/or GSOS, as follows:

| TRADEMARK | APPLICATION OR REGISTRATION NO. | GOODS/SERVICES |
|---|---|---|
| ROOTS | GSOS Reg. No. S-32721 | Rental of real estate; real estate agency services; real estate investment services |
| ROOTS & Design (Stacked)<br><br>ROOTS | GSOS Reg. No. S-32737 | Rental of real estate; real estate investment services |
| ROOTS & Design (Stacked)<br><br>ROOTS | USPTO Reg. No. 7296477 | Real estate investment services |

| TRADEMARK | APPLICATION OR REGISTRATION NO. | GOODS/SERVICES |
|---|---|---|
| ROOTS & Design (Horizontal)<br> | GSOS Reg. No. S-32722 | Rental of real estate; real estate investment services |
| ROOTS & Design (Horizontal)<br> | USPTO App. No. 98941162 | Real estate investment services |
| ROOTS ATLANTA | GSOS Reg. No. S-32739 | Rental of real estate; real estate agency services; real estate investment services |
| ROOTS REAL ESTATE | GSOS Reg. No. S-32738 | Rental of real estate; real estate agency services; real estate investment services |
| ROOTS REAL ESTATE ATLANTA & Design<br><br>(Circle) | GSOS Reg. No. S-32719 | Rental of real estate; real estate agency services; real estate investment services |
| ROOTS REAL ESTATE Stylized & Design (Horizontal)<br> | GSOS Reg. No. S-32720 | Rental of real estate; real estate agency services; real estate investment services |

The foregoing trademarks listed in this paragraph are referred to herein as the "**Roots Marks**." True and correct copies of each registration for the Roots Marks listed above are set forth in **Exhibit A**.

28.

All of the Roots Marks are valid and subsisting.

29.

Not only has Roots protected the Roots Marks by registering them or seeking to register them, but it has also taken reasonable efforts to monitor and protect the Roots Marks against improper use.

30.

Roots has invested a significant amount of time, money, and other resources in nurturing and adding to the goodwill associated with the Roots Marks. Roots has captured millions of impressions of the Roots Marks as a result.

31.

The Roots Marks designate a single source of origin.

32.

Roots has continuously and extensively used its trademarks in connection with its above-specified services for many years, beginning well prior to RMG's adoption and use of the infringing ROOTS name and RMG Logo.

**RMG AND ITS INFRINGEMENT**

33.

Upon information and belief, in late 2021, RMG was created as the parent company of two other companies (Treehouse Communities and Vineyard Management Group) involved in the rental and management of manufactured homes in communities around the country, and, at some point around that time, RMG began using ROOTS and the below logo featuring the design of a tree with its roots (the "**First RMG Logo**"):



The First RMG Logo incorporates the "ROOTS" name and a typeface substantially similar to that seen in the Roots Marks.

34.

Thereafter, in late 2023 and, again, unbeknownst to Roots, RMG adopted its current logo, the RMG Logo:



35.

The RMG Logo is clearly a deliberate knock-off of several of the Roots Marks, employing the same general design of a house with a silhouette of two leaves inside adjacent to the term ROOTS in a substantially similar typeface.

36.

Through its web site, www.rootsmg.com (the **"RMG Web Site"**), RMG advertises its real estate services, including affordable rentals and investment services, using its infringing RMG Logo and ROOTS name.  An excerpt of the home page of the RMG Web Site is shown below:



37.

The RMG Web Site demonstrates that RMG actively offers its real estate services in the Atlanta metropolitan area and Georgia more broadly.  The below excerpt of a web page from the RMG Web Site demonstrates the same:



38.

As a further example, below is an excerpt of a web page from the RMG Web Site

for rental opportunities at a RMG Atlanta-area community:



39.

Not only does RMG provide competing and closely related real estate rental services in the same general geographic areas where Roots has long operated, it has also launched its own renter reward program to compete with Roots, adding to the confusion caused by its infringing brand.  Below is an excerpt from the RMG Web Site describing this RMG program:



40.

Upon information and belief, RMG also provides real estate investment services in connection with its housing communities.   The RMG Web Site displays an Investor Portal, as shown in the web page excerpt below:



41.

RMG's services under the ROOTS name and RMG Logo are competitive or, at least, closely related to those provided by Roots under the Roots Marks. RMG actively seeks and solicits the same types of consumers and investors that would do business with Roots.

42.

RMG's infringement is not just likely to cause confusion with the Roots Marks, it *is* causing widespread confusion.  For example, below are redacted excerpts of public Facebook posts by a RMG community resident complaining about their community by blaming *Roots* and its CEO, mistakenly assuming an affiliation between Roots and RMG that does not exist:



43.

As another example, below is a redacted excerpt of a public Better Business

Bureau complaint mistakenly filed against Roots by an RMG customer:



44.

As another example seen in the redacted excerpt below, an RMG

community resident mistakenly publicly commented on a Roots Facebook post,

asserting that Roots doesn't treat its residents well (although Roots' investigation

revealed that the negative comment was meant for RMG):



45.

Roots has also received communications from current and prospective investors confused about whether they were investing in Roots or RMG.

46.

Moreover, RMG has registered the trademark ROOTS MANAGEMENT GROUP with the USPTO under Registration No. 7069370 for "sales management services for manufactured residential housing and recreational vehicles communities; business operation of manufactured residential housing and recreational vehicle communities" in International Class 035 and "real estate services, namely, property management services for manufactured residential housing and recreational vehicle community real estate lots; real estate services, namely, leasing of manufactured residential housing sites; real estate acquisition and management of manufactured residential housing and recreational vehicle community lots; providing an Internet website portal offering information in the field of real estate concerning the sale of manufactured residential housing and recreational vehicle community real estate lots" in International Class 036 (the "**RMG Registration**").   See **Exhibit B** for a true and correct copy of the registration certificate for this mark.   The RMG Registration was obtained in violation of Roots' senior trademark rights.

47.

RMG is freeriding on the back of Roots' significant investment in its services and trademarks' reputation and quality, causing confusion and damage to Roots in the process.

48.

Despite being put on notice that its infringement is causing actual irreparable harm to Roots and the goodwill associated with the Roots Marks and real estate services, RMG has rebuffed Roots' concerns and continues to use the ROOTS name and RMG Logo unabated.

## COUNT I - TRADEMARK INFRINGEMENT UNDER THE LANHAM ACT (15 U.S.C. § 1114)

49.

Roots hereby restates and re-alleges the allegations set forth in the preceding paragraphs and incorporates them by reference.

50.

The USPTO has granted Seed a federal trademark registration for the ROOTS & Design (Stacked) trademark under Reg. No. 7296477 as set out below and in Exhibit A hereto for the specified services.

| TRADEMARK | REGISTRATION NO. | GOODS/SERVICES |
|---|---|---|
| ROOTS & Design (Stacked) <br><br> ROOTS | USPTO Reg. No. 7296477 | Real estate investment services |

51.

Roots has used this federally registered mark continuously in commerce for real estate investment services.

52.

Roots has priority in Roots' registered trademark. RMG had actual knowledge of Roots' ownership of and rights in Roots' registered trademark prior to RMG's adoption, use and display of its infringing and confusingly similar marks for closely related real estate services.

53.

RMG's unauthorized use of Roots' registered trademark and unauthorized sales and promotion of RMG's closely related services to unsuspecting consumers is a violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

54.

RMG's sale and continued sale and provision of unauthorized services under its infringing marks have created a substantial likelihood of confusion and

have caused mistake and deception in consumers' minds.

55.

RMG's unauthorized use of Roots' registered trademark constitutes use in commerce, without the consent of Roots, of a reproduction, counterfeit, copy, or colorable imitation of Roots' registered trademark in connection with the advertisement, promotion, sale, and distribution of closely related services. Such use is likely to cause, and has caused, confusion or mistake, or to deceive customers, and therefore infringes Roots' registered trademark, in violation of 15 U.S.C. § 1114.

56.

As a result of RMG's infringement, Roots has suffered and will continue to suffer irreparable harm to the goodwill and reputation associated with Roots' registered mark and quality real estate services.

57.

Roots has no adequate remedy at law for the above immediate and continuing harm. Roots has been, and absent injunctive relief will continue to be, irreparably harmed by RMG's actions. Hence, Roots is entitled to a preliminary and permanent injunction, prohibiting RMG from using Roots' registered trademark or any mark confusingly similar thereto, in connection with RMG's business, pursuant to 15 U.S.C. § 1116.

58.

RMG's conduct in infringing Roots' registered trademark is, as explained herein, deliberate, intentional, malicious, and in bad faith.  RMG should be ordered to account for and disgorge its profits from its infringement, in an amount to be determined at trial.  Further, given RMG's deception and bad faith, this case should be deemed exceptional and Roots should be awarded, in addition to actual damages, exemplary damages, punitive damages, costs, and attorneys' fees pursuant to 15 U.S.C. § 1117.

## COUNT II — FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a)(1)(A))

59.

Roots hereby restates and re-alleges the allegations set forth in the preceding paragraphs and incorporates them by reference.

60.

RMG's use of Roots' registered and common law trademarks in the manner alleged herein constitutes a false designation of origin within the meaning of Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A), which is likely to cause, and has caused, confusion, mistake, or deception as to

the affiliation, connection, source, origin, authorization, sponsorship, and/or approval of RMG's real estate services with respect to the Roots Marks.

61.

The purchasing public is likely to attribute, and has attributed, to Roots, RMG's use of one or more of the Roots Marks as a source of origin, authorization, and/or sponsorship for the services RMG sells and, further, purchase services from RMG in the erroneous belief that RMG is authorized by, associated with, sponsored by, or affiliated with Roots, when RMG is not.

62.

RMG's actions have been conducted intentionally and willfully, with the express intent to cause confusion and mistake, to deceive and mislead the purchasing public, to trade upon the high-quality reputation of Roots, and to improperly appropriate to itself the valuable trademark rights of the Roots Marks.

63.

As a result of RMG's misconduct, Roots has suffered and will continue to suffer irreparable harm to the goodwill and reputation associated with the Roots Marks and quality real estate services.  Roots has no adequate remedy at law for the above immediate and continuing harm.  Roots has been, and absent injunctive relief will continue to be, irreparably harmed by RMG's actions.

Hence, Roots is entitled to a preliminary and permanent injunction, prohibiting RMG from using the Roots Marks or any mark confusingly similar thereto, in connection with RMG's business, pursuant to 15 U.S.C. § 1116.

64.

RMG's misconduct, as explained herein, is deliberate, intentional, malicious, and in bad faith. RMG should be ordered to account for and disgorge its profits from its misconduct, in an amount to be determined at trial. Further, given RMG's deception and bad faith, this case should be deemed exceptional and Roots should be awarded, in addition to actual damages, exemplary damages, punitive damages, costs, and attorneys' fees pursuant to 15 U.S.C. § 1117.

65.

Further, Roots and the general public are being deceived and harmed by the continued maintenance of the RMG Registration on the USPTO registry because the same leads the general public to believe that RMG is authorized by, associated with, sponsored by, or affiliated with Roots, when RMG is not, and that RMG is the rightful owner of one or more of the Roots Marks, when it is not. As a result, RMG should not be permitted to maintain the RMG Registration, and it should be affirmatively enjoined to expressly surrender such registration

pursuant to 37 CFR § 2.172 as a measure of enjoining RMG's false designation of origin misconduct.

## COUNT III – CANCELLATION OF RMG REGISTRATION
### (15 U.S.C. §§ 1064 and 1119)

66.

Roots hereby restates and re-alleges the allegations set forth in the preceding paragraphs and incorporates them by reference.

67.

RMG had actual knowledge of Roots' ownership of and rights in one or more of the Roots Marks in connection with closely related real estate services prior to RMG's adoption and registration of their infringing ROOTS MANAGEMENT GROUP mark.

68.

Roots has used one or more of the Roots Marks in commerce without interruption, since at least early 2017, in connection with a variety of real estate services closely related to those identified in the RMG Registration.  Roots has invested in and developed the Roots Marks for years, and the Roots Marks have earned an excellent reputation for high quality real estate services in the

industry.  Accordingly, the Roots Marks are strongly and uniquely associated with Roots.

69.

The ROOTS MANAGEMENT GROUP mark is confusingly similar to each of the Roots Marks in terms of appearance, sound, connotation, and commercial impression.  In particular, the ROOTS MANAGEMENT GROUP mark contains the identical, leading, and dominant term ROOTS, and the RMG Registration disclaims the remaining MANAGEMENT GROUP phrase as descriptive.

70.

The real estate services identified in the RMG Registration are closely related and/or competitive to one or more of the services in connection with which Roots presently uses and has previously used its Roots Marks.

71.

Roots has priority based on its prior and continuous use of one or more of the Roots Marks in commerce in connection with closely related real estate services.  The filing date for the application to register the ROOTS MANAGEMENT GROUP mark does not precede the first use of many of the Roots Marks, and the RMG Registration asserts that the ROOTS MANAGEMENT GROUP mark was allegedly not used in commerce until August 2021.

72.

The RMG Registration is without license, authorization or permission from Roots.

73.

For all of the reasons set forth above, the ROOTS MANAGEMENT GROUP mark so resembles one or more of the Roots Marks as to be likely, when used in connection with RMG's registered services, to cause confusion, or to cause mistake, or to deceive under Section 2(d) of the Lanham Act, as amended, 15 U.S.C. § 1052(d).

74.

In addition, as reflected by the specimen of record for the RMG Registration (attached hereto as **Exhibit C** and excerpted below), the ROOTS MANAGEMENT GROUP mark fails to function as a mark because it merely functions as a parent company name as opposed to an indicator of source for RMG's real estate services.



75.

In addition, the ROOTS MANAGEMENT GROUP mark lacks bona fide use in commerce and should be considered abandoned. Upon information and belief, RMG has not used the mark for the registered services for several years immediately prior to the filing of this Complaint and has no intent to use the mark for the registered services as the objective facts demonstrate that RMG uses the infringing ROOTS name and RMG Logo instead.

76.

As a result, RMG should not be permitted to maintain its RMG Registration under 15 U.S.C. §§ 1064 and 1119. The registration should be cancelled.

77.

Failure to cancel the RMG Registration and to eliminate it from the Principal Register will continue to damage Roots and its Roots Marks.

**COUNT IV - TRADEMARK INFRINGEMENT UNDER O.C.G.A § 10-1-450**

78.

Roots hereby restates and re-alleges the allegations set forth in the preceding paragraphs and incorporates them by reference.

79.

The GSOS has granted Seed trademark registrations for the Roots Marks set out below and in Exhibit A hereto for the following specified services (the "**GSOS Registrations**"):

| TRADEMARK | REGISTRATION NO. | GOODS/SERVICES |
|---|---|---|
| ROOTS | GSOS Reg. No. S-32721 | Rental of real estate; real estate agency services; real estate investment services |
| ROOTS & Design (Stacked) ROOTS | GSOS Reg. No. S-32737 | Rental of real estate; real estate investment services |
| ROOTS & Design (Horizontal) ROOTS | GSOS Reg. No. S-32722 | Rental of real estate; real estate investment services |
| ROOTS ATLANTA | GSOS Reg. No. S-32739 | Rental of real estate; real estate agency services; real estate investment services |
| ROOTS REAL ESTATE | GSOS Reg. No. S-32738 | Rental of real estate; real estate agency services; real estate investment services |

| TRADEMARK | REGISTRATION NO. | GOODS/SERVICES |
|---|---|---|
| ROOTS REAL ESTATE ATLANTA & Design  (Circle) | GSOS Reg. No. S-32719 | Rental of real estate; real estate agency services; real estate investment services |
| ROOTS REAL ESTATE Stylized & Design (Horizontal)  | GSOS Reg. No. S-32720 | Rental of real estate; real estate agency services; real estate investment services |

80.

Roots has used the Roots Marks protected by the GSOS Registrations continuously in Georgia commerce for the specified real estate services.

81.

Roots has priority in Georgia in the Roots Marks protected by the GSOS Registrations.  RMG had actual knowledge of Roots' ownership of and rights in such trademarks prior to RMG's adoption, use and display of its infringing and confusingly similar marks for closely related real estate services in Georgia.

82.

RMG's unauthorized use of such Roots Marks and unauthorized sales and promotion of RMG's closely related services to unsuspecting consumers in Georgia is a violation of O.C.G.A. § 10-1-451(a).

83.

RMG's sale and continued sale of unauthorized services in Georgia have created a substantial likelihood of confusion and have caused mistake and deception in consumers' minds in Georgia.

84.

RMG's unauthorized use of the Roots Marks protected by the GSOS Registrations constitutes use in Georgia commerce, without the consent of Roots, of a reproduction, counterfeit, copy, or colorable imitation of such Roots Marks in connection with the advertisement, promotion, sale, and distribution of closely related services in Georgia.    Such use is likely to cause, and has caused, confusion or mistake, or to deceive customers, and therefore infringes such Roots Marks, in violation of O.C.G.A. § 10-1-451(a).

85.

As a result of RMG's infringement, Roots has suffered and will continue to suffer irreparable harm to the goodwill and reputation associated with the Roots Marks protected by the GSOS Registrations and quality real estate services in Georgia.

86.

Roots has no adequate remedy at law for the above immediate and continuing harm.  Roots has been, and absent injunctive relief will continue to be,

irreparably harmed by RMG's actions.  Hence, Roots is entitled to a preliminary and permanent injunction, prohibiting RMG from using the Roots Marks protected by the GSOS Registrations or any mark confusingly similar thereto, in connection with its business in Georgia, pursuant to O.C.G.A. § 10-1-451(a).

87.

RMG's conduct in infringing Roots' registered trademarks is, as explained herein, deliberate, intentional, malicious, and in bad faith.  RMG should be ordered to account for and disgorge its profits from its infringement, in an amount to be determined at trial.  Further, given RMG's deception and bad faith, this case should be deemed exceptional and Roots should be awarded, in addition to actual damages, exemplary damages, punitive damages, costs, and attorneys' fees.

## COUNT V – VIOLATION OF GEORGIA ANTI-DILUTION STATUTE (O.C.G.A § 10-1-451(b))

88.

Roots hereby restates and re-alleges the allegations set forth in the preceding paragraphs and incorporates them by reference.

89.

Roots is the owner of the GSOS Registrations, and the trademarks protected thereby have acquired significant distinctiveness and goodwill in Georgia.

90.

RMG has, subsequent to Roots' use of the Roots Marks protected by the GSOS Registrations and without Roots' consent, adopted and commenced using the ROOTS name and RMG Logo in connection with RMG's real estate services in Georgia. RMG's actions have diluted the distinctive quality of such Roots Marks, and thus constitute a violation of the Georgia Anti-Dilution Statute, O.C.G.A. § 10-1-451(b).

91.

By reason of RMG's actions, Roots has suffered, and will suffer, damage to its business reputation and to the goodwill associated with the Roots Marks protected by the GSOS Registrations.

92.

In addition, Roots is now being forced to incur costs to counter the loss of business reputation and trademark dilution by RMG of the Roots Marks protected by the GSOS Registrations.

93.

RMG's wrongful actions, as explained herein, are deliberate, intentional, malicious, and in bad faith.  Roots has no adequate remedy at law for the above immediate and continuing harm.  Roots has been, and absent injunctive relief will continue to be, irreparably harmed by RMG's actions.  Hence, Roots is entitled to a preliminary and permanent injunction, prohibiting RMG from continuing its violation of the Georgia Anti-Dilution Statute to Roots' detriment.

## COUNT VI – VIOLATION OF GEORGIA DECEPTIVE TRADE PRACTICES ACT
## (O.C.G.A § 10-1-370)

94.

Roots hereby restates and re-alleges the allegations set forth in the preceding paragraphs and incorporates them by reference.

95.

RMG's ROOTS name and RMG Logo, and associated misconduct alleged herein are likely to cause, and have caused, confusion, mistake, or deception as to the affiliation, connection, source, origin, authorization, sponsorship, and/or approval of RMG's real estate services with respect to the Roots Marks. RMG's actions alleged herein constitute unfair and deceptive trade practices in violation

of Georgia law, including the Georgia Uniform Deceptive Trade Practices Act, O.C.G.A. § 10-1-370, *et seq.*

96.

By reason of RMG's actions, Roots has suffered, and will suffer, damage to its business reputation and to the goodwill associated with the Roots Marks and associated quality real estate services.

97.

RMG's wrongful actions, as explained herein, are willful, intentional, malicious, and in bad faith.  Given RMG's deception and bad faith, Roots should be awarded its attorneys' fees under O.C.G.A. § 10-1-373(b).

98.

Further, Roots has no adequate remedy at law for the above immediate and continuing harm.  Roots has been, and absent injunctive relief will continue to be, irreparably harmed by RMG's actions.  Hence, Roots is entitled to a preliminary and permanent injunction under O.C.G.A. § 10-1-373(a), prohibiting RMG from continuing its use of the ROOTS name and RMG Logo in Georgia in violation of the Georgia Deceptive Trade Practices Statute.

## COUNT VII – TRADEMARK FRAUD (O.C.G.A § 23-2-55)

99.

Roots hereby restates and re-alleges the allegations set forth in the preceding paragraphs and incorporates them by reference.

100.

RMG had actual knowledge of Roots' ownership of and rights in one or more of the Roots Marks in Georgia prior to RMG's adoption and use of the infringing ROOTS name and RMG Logo in Georgia.

101.

RMG's wrongful actions and misleading and deceptive trade practices complained of herein constitute an attempt to encroach upon the business of Roots by the use of similar trademarks, names, or devices, with the intention of deceiving and misleading the public, in violation of O.C.G.A. § 23-2-55.

102.

Roots has no adequate remedy at law for the above immediate and continuing harm. Roots has been, and absent injunctive relief will continue to be, irreparably harmed by RMG's actions. Hence, Roots is entitled to a preliminary and permanent injunction under O.C.G.A. § 23-2-55, prohibiting RMG from continuing their violation of such statute to Roots' detriment.

## COUNT VIII – COMMON LAW UNFAIR COMPETITION

103.

Roots hereby restates and re-alleges the allegations set forth in the preceding paragraphs and incorporates them by reference.

104.

RMG's actions have caused, and are likely to continue to cause, confusion among potential and existing customers of Roots' real estate services as to whether the ROOTS name, RMG Logo, and associated unauthorized real estate services offered by RMG are affiliated with Roots.

105.

These and other of RMG's misconduct complained of herein constitute unfair competition under the common law of Georgia.

106.

RMG's wrongful actions, as explained herein, are deliberate, intentional, malicious, and in bad faith. RMG should be ordered to account for and disgorge its profits from its misconduct, in an amount to be determined at trial. Further, given RMG's deception and bad faith, Roots should be awarded, in addition to actual damages, exemplary damages, punitive damages, costs, and attorneys' fees under applicable Georgia law.

107.

Roots has no adequate remedy at law for the above immediate and continuing harm. Roots has been, and absent injunctive relief will continue to be, irreparably harmed by RMG's actions. Hence, Roots is entitled to a preliminary and permanent injunction under Georgia law, prohibiting RMG from continuing its misconduct to Roots' detriment.

## COUNT IX – COMMON LAW TRADEMARK INFRINGEMENT

108.

Roots hereby restates and re-alleges the allegations set forth in the preceding paragraphs and incorporates them by reference.

109.

As alleged more fully herein, RMG is using the ROOTS name and RMG Logo without license or permission from Roots and despite Roots having priority in one or more of the Roots Marks.

110.

RMG's unauthorized use of the ROOTS name and RMG Logo and unauthorized sales and promotion of associated real estate services to

unsuspecting consumers is an infringement of Roots' Georgia common law trademark rights.

111.

Likewise, RMG's use and registration of the ROOTS MANAGEMENT GROUP mark is an infringement of Roots' Georgia common law trademark rights in one or more of the Roots Marks.

112.

RMG's actions have created a substantial likelihood of confusion and caused mistake and deception in consumers' minds.

113.

Roots has no adequate remedy at law for the above immediate and continuing harm. Roots has been, and absent injunctive relief will continue to be, irreparably harmed by RMG's actions. Hence, Roots is entitled to a preliminary and permanent injunction, prohibiting RMG from using the Roots Marks or any mark confusingly similar thereto, in connection with its business, pursuant to Georgia common law.

114.

RMG's conduct in infringing the Roots Marks is, as explained herein, deliberate, intentional, malicious, and in bad faith. RMG should be ordered to account for and disgorge its profits from its infringement, in an amount to be

determined at trial.  Further, given RMG's deception and bad faith, Roots should be awarded, in addition to actual damages, exemplary damages, punitive damages, costs, and attorneys' fees pursuant to Georgia common law.

## COUNT X – ATTORNEYS' FEES (O.C.G.A. § 13-6-11)

### 115.

Roots hereby restates and re-alleges the allegations set forth in the preceding paragraphs and incorporates them by reference.

### 116.

Based on all of the allegations set forth in this Complaint and as will be shown at trial, despite Roots' good faith attempts to resolve RMG's infringement amicably, RMG has acted in bad faith, has been stubbornly litigious, and has caused Roots unnecessary trouble and expense.  Accordingly, Roots is entitled to recover all reasonable attorneys' fees and costs of litigation incurred in the prosecution of this Complaint, pursuant to O.C.G.A. § 13-6-11.

## JURY DEMAND

Roots requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

Wherefore, Roots prays and respectfully requests that the Court:

A. Enter judgment against RMG on all claims;

B. Award Roots all actual damages, exemplary damages, and punitive damages to which it is entitled;

C. Award Roots pre-judgment and post-judgment interest as provided by Georgia law;

D. Award Roots the costs, expenses and attorneys' fees that it has incurred in proving its claims through trial;

E. Enter a preliminary injunction and permanent injunction against RMG, together with their officers, employees, agents, successors and assigns or others acting in concert with them, enjoining them from their wrongful acts, as requested herein; and

F. Grant to Roots such other relief as the Court deems just and proper.

Respectfully submitted, this 14th day of August, 2025.


ARNALL GOLDEN GREGORY LLP

/s/ Anuj Desai
Anuj Desai | GA Bar No. 193889
anuj.desai@agg.com
Megan P. Mitchell | GA Bar No. 916934
megan.mitchell@agg.com
Erin N. Winn | GA Bar No. 386725
erin.winn@agg.com

171 17th Street NW, Suite 2100
Atlanta, Georgia 30363
Tel: 404-873-8500
Fax: 404-873-8501

*Attorneys for Plaintiffs*